IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:19-cv-02294-DDD-MEH

WILLIAM J. LEVEY,

    Plaintiff,

v.

SPENCER WETHERALL,

    Defendant.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff William J. Levey's motion for default judgment against Defendant Spencer Wetherall. The Court **GRANTS IN PART** the motion for the reasons explained below.

### BACKGROUND

In August 2017, Mr. Levey found an advertisement on Ebay for a fully restored 1969 Chevrolet Camaro ZL-1. Doc. 1 ("Compl.") at ¶ 3. The Ebay listing said the car was restored in Longmont, Colorado by Mr. Wetherall, who described himself as the leading expert in the world in Camaro restoration. *Id.* at ¶ 3 n.3. Mr. Levey contacted Mr. Wetherall privately, and they entered into a contract shortly thereafter for Mr. Levey to purchase a fully restored Camaro like the one in the ad for $75,000 to be paid in installments. *Id.* at ¶ 5.

After months of waiting for his car, and repeatedly contacting Mr. Wetherall to no avail, Mr. Levey began researching Mr. Wetherall online. *Id.* at ¶¶ 9–12. He found numerous online reviews saying that Mr. Wetherall operated a fraudulent scheme whereby buyers were

induced to purchase restored Camaros from his Ebay ad, and Mr. Wetherall then failed to deliver the cars. *Id.* at ¶¶ 11–13. In March 2019, Mr. Levey wrote to Mr. Wetherall demanding that his Camaro be delivered by June 2019 or else his payment refunded. *Id.* at ¶ 14. Mr. Wetherall advised Mr. Levey that he didn't have sufficient funds to repay the purchase price, but offered to repay it in installments. *Id.* at ¶ 16. In April 2019, Mr. Wetherall sent Mr. Levey $25,000, but has made no further repayments since. *Id.*

Mr. Levey thus filed this suit. He asserts claims for state-law claims for breach of contract, unjust enrichment, fraud, conversion, deceptive trade practices in violation of the Colorado Consumer Protection Act, and a federal claim for violation of the Racketeering Influenced and Corrupt Organizations Act or RICO. Mr. Wetherall was served with the complaint and summons on August 27, 2019, but hasn't answered or otherwise responded to it. Doc. 21 at 1–2. On October 23, 2019, the Clerk entered default against Mr. Wetherall. Doc. 17. Mr. Levey then moved for entry of default judgment under Federal Rule of Civil Procedure 55(b). Doc. 21.

## ANALYSIS

Under Rule 55(b), after the clerk enters default, a court must enter a default judgment against a party that has failed to plead or otherwise defend an action brought against it. Default judgment may be entered by the clerk of court if the claim is for "a sum certain," Fed. R. Civ. P. 55(b)(1), but in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The purpose of a default judgment is to protect a diligent party against an unresponsive adversary. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991).

## I. Jurisdiction

Before a court can enter default judgment, however, it must ensure it has jurisdiction over the matter. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

The Court has subject matter jurisdiction under 28 U.S.C. § 1331, which grants jurisdiction to federal courts over questions "arising under" federal law, and 28 U.S.C. § 1367(a), which grants supplemental jurisdiction over state-law claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "A claim is part of the same case or controversy if it derives from a common nucleus of operative fact." *Price v. Wolford*, 608 F.3d 698, 702–03 (10th Cir. 2010) (cleaned up). Here, the court has federal-question jurisdiction over Mr. Levey's RICO claim, which arises under a federal statute. And the court has supplemental jurisdiction over Mr. Levey's state-law claims because they all derive from a common nucleus of operative fact with the RICO claim: Mr. Wetherall's fraudulent advertisement and sale of the Camaro.

The Court also has personal jurisdiction over Mr. Wetherall. The moving party bears the burden of proof to show that the Court has jurisdiction over Mr. Wetherall under Colorado's long-arm statute and that he has minimum contacts with the state. *Dennis*, 115 F.3d at 771. But in the context of a motion for default judgment, the petitioner's burden is a minimal one: the petitioner "need only make a *prima facie* showing on these two questions if the motion is decided only on the basis the parties' affidavits and other written materials," as it is here. *Id.*; *see also Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (explaining that well-pled allegations in complaint are

accepted as true for purposes of determining personal jurisdiction at pleading stage). The complaint satisfies this standard. It alleges that Mr. Wetherall is a resident of Colorado and that his business aliases maintain their principal places of business in Colorado. Doc. 1 at ¶¶ 21–24. This is sufficient for the Court to exercise general personal jurisdiction over a defendant. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." (alterations adopted; citations omitted)); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.").

## II.   Entry of Default Judgment

Having assured it has jurisdiction over this matter, the Court must decide "'whether the unchallenged facts constitute a legitimate cause of action'" such that a judgment should be entered. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Fed. Prac. & Proc.* § 2688, at 63 (3d ed. 1998)). "'There must be a sufficient basis in the pleadings for the judgment entered.'" *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445- LTB-MJW, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125

(10th Cir. 2003). The Court deems the well-pled facts of the complaint to be true. *Vibe Tech., LLC v. Suddath*, No. 06-cv-00812, 2009 WL 2055186, at \*1 (D. Colo. 2009) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Undisputed facts set forth by the moving party in affidavits and exhibits are also accepted as true. *Id.*

### A. Breach of Contract

To recover on a breach-of-contract claim under Colorado law, a plaintiff must prove that there was a contract between the parties, performance by the plaintiff, failure to perform by the defendant, and resulting damages. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). Treating the allegations as true, Mr. Levey's complaint establishes a breach of contract. The parties entered into an agreement for Mr. Levey to purchase a restored Camaro for $75,000. Mr. Levey paid the monies, but Mr. Wetherall didn't deliver the Camaro. And Mr. Levey was damaged; Mr. Wetherall returned only $25,000 of the $75,000 Mr. Levey paid him. Mr. Levey has adequately demonstrated a breach of contract.

### B. State Law Tort Claims

Mr. Levey's remaining state-law tort claims fail because there exists an enforceable contract between the parties. For example, his unjust enrichment claim fails because he relies on the same facts to establish his unjust enrichment claim as he does to allege his breach of contract. *Jorgensen v. Colorado Rural Properties, LLC*, 226 P.3d 1255, 1259 (Colo. App. 2010) ("Indeed, a claim for unjust enrichment may not be asserted if there is a valid contract covering the subject matter of the alleged obligation to pay."). His fraudulent misrepresentation claim fails because it is premised on a promise of contractual performance, *see* Compl. at ¶ 49, and under Colorado law, a misrepresentation about contractual performance—as opposed to misrepresentations leading up to contract

formation—can't give rise to an independent claim for fraud. *Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603, 607 (Colo. 2016); *Former TCHR, LLC v. First Hand Mgmt. LLC*, 317 P.3d 1226, 1233 (Colo. App. 2012). The economic loss rule bars his claim for conversion because Mr. Levey "has an enforceable contractual remedy against the person . . . sought to be charged with liability." *Rhino Fund, LLLP v. Hutchins*, 215 P.3d 1186, 1194 (Colo. App. 2008), *as modified on denial of reh'g* (Dec. 24, 2008). And his claim for deceptive trade practices under the Colorado Consumer Protection Act fails because, even though the complaint alleges Mr. Wetherall falsely advertised the sale of the Camaro, the complaint doesn't allege any significant impact on the public. *See Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603, 607 (Colo. 2016). None of these claims is viable.

### C. RICO

"The elements of a civil RICO claim are (1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity." *Tal v. Hogan*, 453 F.3d 1244, 1261–62 (10th Cir. 2006). "Racketeering activity" is defined in 18 U.S.C. § 1961(1)(B) as any "act which is indictable" under federal law and specifically includes mail fraud, wire fraud and racketeering.

"A person does not have to be formally convicted of any predicate act before [civil RICO] liability . . . may attach." *Tal*, 453 F.3d at 1261–62. But the predicate acts at issue must "extend over a substantial period of time; a few weeks or months is considered insubstantial." *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1025 (7th Cir. 1992) (alterations adopted, quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989)). The predicate acts must also affect more than a single victim and aim to accomplish more than one discrete goal. *Pagel v. Washington Mut. Bank, Inc.*, 153 F. App'x 498, 502 (10th Cir. 2005) ("In this circuit, it is well established that a single scheme to accomplish one discrete goal,

directed at a finite group of individuals, with no potential to extend to other persons or entities, rarely will suffice to establish a threat of continuing racketeering activity."); *see also Midwest Grinding*, 976 F.2d at 1025 (same). These limitations serve to prevent run-of-the-mill business disputes being turned into RICO claims. *Midwest Grinding*, 976 F.2d at 1025.

The complaint fails to meet these standards. The predicate acts alleged are a series of wire transactions between Mr. Levey and Mr. Wetherall over a short period of time aimed at defrauding one person: Mr. Levey. This isn't the kind of broad-based, multiple-victim pattern of racketeering activity that Congress intended to give rise to liability under RICO. *H.J.*, 492 U.S. at 239 (1989) ("The term pattern itself requires the showing of a relationship between the predicates, and of the threat of continuing activity."). And though the complaint alleges that Mr. Levey found numerous negative reviews of Mr. Wetherall online, negative review online aren't, in and of themselves, indictable. The complaint thus fails to adequately allege a RICO claim.

## III.   Entitlement to Relief

In addition to finding that Plaintiff has a legal basis for relief, a default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). Pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Mr. Levey requests damages in the amount of $150,000, and attorneys' fees costs in the amount of $6,667.50.

There is only a partial basis for this award. Mr. Levey has proven these amounts by attaching affidavits to his motion for default judgment. He attests that Mr. Wetherall has never returned $50,000 of the original $75,000 purchase price he paid. Doc. 21-3 at ¶ 18. So he has established that he has suffered $50,000 in damages. But the asserted

basis for tripling that amount is RICO, which entitles a prevailing party trebl damages. 18 U.S.C. § 1964(c). Because he has failed to adequately allege a RICO claim, however, he isn't entitled to treble damages. For the same reason, he isn't entitled to reasonable attorneys' fees under RICO.[1]

## CONLCUSION

Mr. Levey's motion for entry of default judgment (Doc. 21) is **GRANTED IN PART**, and the clerk is directed to enter default judgment against Mr. Wetherall in the principal sum of $50,000. Further, the case shall be closed.

DATED: September 29, 2020     BY THE COURT:

Hon. Daniel D. Domenico

---

[1] Mr. Levey seeks interest in the amount of $10,000, Doc. 21 at 3, but doesn't cite any factual basis or legal authority for this request. It is thus denied.